IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| REFLECTION CODE LLC,<br><br>         Plaintiff,<br><br>v.<br><br>CONAIR CORPORATION,<br><br>         Defendant. | Case No. _____<br><br>Honorable: _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Reflection Code LLC ("Reflection Code" or "Plaintiff"), for its Complaint against Defendant CONAIR CORPORATION, ("Conair" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2. Plaintiff Reflection Code is a limited liability company organized under the laws of the State of Texas with a place of business at 101 E. Park Blvd., Suite 600, Plano, TX 75074 and is qualified to do business in the State of Michigan.

3. Upon information and belief, Conair is a corporation organized and existing under the laws of Delaware, with a registered agent for service of process The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Upon information and belief, Conair sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces products and services that into the

stream of commerce and that incorporate infringing technology knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c), (d) and/or 1400(b). On information and belief, Defendant conducts business in this district, the claims alleged in this Complaint arise in this District, and the acts of infringement have taken place and are continuing to take place in this District.

7. On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Michigan and this district (including via sales of Defendant's products and services), pursuant to due process and/or the Michigan Long Arm Statute, because Defendant purposefully availed itself of the privileges of conducting business in the State of Michigan and in this District, because Defendant regularly conducts and solicits business within the State of Michigan and within this District, and because Reflection Code's causes of action arise directly from Defendant's business contacts and other activities in the State of Michigan and this District.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,733,657

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On May 27, 2014, U.S. Patent No. 8,733,657 ("the '657 patent"), entitled "Barcode Device," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '657 patent is attached as Exhibit 1.

10. The inventions of the '657 resolve technical problems related to the use of bar codes, including two-dimensional bar codes. For example, the inventions allow flexibility in the use of such bar codes by allowing the bar code to point to an address of a publicly available database, allowing increased flexibility in the information returned by the database.

11. The claims of the '657 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '657 patent recite one or more inventive concepts that are rooted in computer technology, and overcome problems specifically arising in the realm of computer technologies.

12. The claims of the '657 patent recite an invention that is not merely the routine or conventional use of the Internet. Instead, the invention makes use of specific lookup functionalities in conjunction with two-dimensional barcodes can be achieved on a publicly available database. The '657 patent claims thus specify how interactions with the Internet are manipulated to yield a desired result.

13. The technology claimed in the '657 patent does not preempt all ways of using barcodes or two-dimensional barcodes, nor preempt the use of all lookup technologies, nor preempt any other well-known or prior art technology.

14. Accordingly, each claim of the '657 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

15. As of the date of this filing, there are at least twenty one licensees to the '657 patent.

16. Reflection Code is the assignee and owner of the right, title and interest in and to the '657 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

17. Defendant has and continues to directly infringe one or more claims of the '657 patent by making, using, selling, importing and/or providing and causing to be used products and/or services that incorporate a barcode device associated with said products and/or services, in which the barcode device includes a value acting as pointer addressing a database entry, and which returns a URL in the addressed database entry to a computer-controlled device, among other features; along with related computer system(s) and functionality, which products by way of example include Defendant's retail consumer products and/or marketing materials (the "Accused Instrumentalities").

18. The Accused Instrumentalities disseminated by Defendant which incorporate a two-dimensional barcode device, as described above, include but are not limited to a quick response code found InfinitiPro 3Q Styling Tool; this quick response code was captured on August 26, 2016 in Bloomfield Hills, Michigan.

19. Defendant incorporates a two-dimensional barcode device, as described above, into other retail consumer products and/or marketing materials which are marketed and/or sold across the country and in this District.

20. Defendant was made aware of the '657 patent and its infringement thereof at least as early as the filing of this Complaint.

21. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '657 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful

blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the barcode device incorporated into the Accused Instrumentalities constitutes direct infringement of at least one claim of the '657 patent.

22. In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the barcode device incorporated into the Accused Instrumentalities and providing instruction materials, training, and services regarding the barcode device incorporated into the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '657 patent and knowledge that its acts were inducing infringement of the '657 patent since at least the date Defendant received notice that such activities infringed the '657 patent.

23. Upon information and belief, Defendant is liable as a contributory infringer of the '657 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States products and/or services that incorporate a barcode device, as described above to be especially made or adapted for use in an infringement of the '657 patent. The barcode device incorporated into the Accused Instrumentalities is a material component for use in practicing the '657 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.

24. Reflection Code has been harmed by Defendant's infringing activities.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,963,446 (INDIRECT)**

25. The allegations set forth in the foregoing paragraphs 1 through 24 are incorporated into this Second Claim for Relief.

26. On June 21, 2011, U.S. Patent No. 7,963,446 ("the '446 patent"), entitled "Bar Code Device," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '446 patent is attached as Exhibit 2.

27. The inventions of the '446 resolve technical problems related to the use of bar codes, including two-dimensional bar codes. For example, the inventions allow flexibility in the use of such bar codes by allowing the bar code to point to an address of a publicly available database, allowing increased flexibility in the information returned by the database.

28. The claims of the '446 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '446 patent recite one or more inventive concepts that are rooted in computer technology, and overcome problems specifically arising in the realm of computer technologies.

29. The inventions of the '446 resolve technical problems related to the use of bar codes, including two-dimensional bar codes. For example, the inventions allow flexibility in the use of such bar codes by allowing the bar code to point to an address of a publicly available database, allowing increased flexibility in the information returned by the database.

30. The claims of the '446 patent recite an invention that is not merely the routine or conventional use of the Internet. Instead, the invention makes use of specific lookup functionalities in conjunction with two-dimensional barcodes can be achieved on a publicly available database. The '446 patent claims thus specify how interactions with the Internet are manipulated to yield a desired result.

31. The technology claimed in the '446 patent does not preempt all ways of using barcodes or two-dimensional barcodes, nor preempt the use of all lookup technologies, nor preempt any other well-known or prior art technology.

32. Accordingly, each claim of the '446 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

33. As of the date of this filing, there are at least twenty one licensees to the '446 patent.

34. Reflection Code is the assignee and owner of the right, title and interest in and to the '446 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

35. Defendant has and continues to indirectly infringe one or more claims of the '446 patent by making, using, selling, importing and/or providing and causing to be used by others, such as its partners and customers, products and/or services that incorporate a barcode device associated with said products and/or services, in which the barcode device includes information used as a pointer to fetch a corresponding website address linked to the information from a remote database, among other features; along with related computer system(s) and functionality, which products by way of example include Defendant's retail consumer products and/or marketing materials.

36. The Accused Instrumentalities disseminated by Defendant which incorporate a two-dimensional barcode device, as described above, include but are not limited to a quick response code InfinitiPro 3Q Styling Tool; this quick response code was captured on August 26, 2016 in Bloomfield Hills, Michigan.

37. Defendant incorporates a two-dimensional barcode device, as described above, into other retail consumer products and/or marketing materials which are marketed and/or sold across the country and in this District.

38. Defendant was made aware of the infringement of the '446 patent at least as early as the filing of this Complaint.

39. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '446 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the barcode device incorporated into the Accused Instrumentalities constitutes direct infringement of at least one claim of the '446 patent.

40. In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '446 patent and knowledge that its acts were inducing infringement of the '446 patent since at least the date Defendant received notice that such activities infringed the '446 patent.

41. Upon information and belief, Defendant is liable as a contributory infringer of the '446 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States products and/or services that incorporate a barcode device, as described above to be especially made or adapted for use in an infringement of the '446 patent. The barcode device

incorporated into the Accused Instrumentalities is a material component for use in practicing the '446 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.

42. Reflection Code has been harmed by Defendant's infringing activities.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,763,907 (INDIRECT)**

43. The allegations set forth in the foregoing paragraphs 1 through 42 are incorporated into this Third Claim for Relief.

44. On July 1, 2014, U.S. Patent No. 8,763,907 ("the '907 patent"), entitled "Bar Code Device," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '907 patent is attached as Exhibit 3.

45. The inventions of the '907 resolve technical problems related to the use of bar codes, including two-dimensional bar codes. For example, the inventions allow flexibility in the use of such bar codes by allowing the bar code to point to an address of a publicly available database, allowing increased flexibility in the information returned by the database.

46. The claims of the '907 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '907 patent recite one or more inventive concepts that are rooted in computer technology, and overcome problems specifically arising in the realm of computer technologies.

47. The inventions of the '907 resolve technical problems related to the use of bar codes, including two-dimensional bar codes. For example, the inventions allow flexibility in the use of such bar codes by allowing the bar code to point to an address of a publicly available database, allowing increased flexibility in the information returned by the database.

48. The claims of the '907 patent recite an invention that is not merely the routine or conventional use of the Internet. Instead, the invention makes use of specific lookup functionalities in conjunction with two-dimensional barcodes can be achieved on a publicly available database. The '907 patent claims thus specify how interactions with the Internet are manipulated to yield a desired result.

49. The technology claimed in the '907 patent does not preempt all ways of using barcodes or two-dimensional barcodes, nor preempt the use of all lookup technologies, nor preempt any other well-known or prior art technology.

50. Accordingly, each claim of the '907 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

51. As of the date of this filing, there are at least twenty one licensees to the '907 patent.

52. Reflection Code is the assignee and owner of the right, title and interest in and to the '907 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

53. Defendant has and continues to indirectly infringe one or more claims of the '907 patent by making, using, selling, importing and/or providing and causing to be used by others, such as its partners and customers, products and/or services that incorporate a barcode device associated with said products and/or services, in which the barcode device includes information including a first uniform resource locator, which addresses a database on the internet to receive a second uniform resource locator, among other features; along with related computer system(s)

and functionality, which products by way of example include Defendant's retail consumer products and/or marketing materials.

54. The Accused Instrumentalities disseminated by Defendant which incorporate a two-dimensional barcode device, as described above, include but are not limited to a quick response code found InfinitiPro 3Q Styling Tool; this quick response code was captured on August 26, 2016 in Bloomfield Hills, Michigan.

55. Defendant incorporates a two-dimensional barcode device, as described above, into other retail consumer products and/or marketing materials which are marketed and/or sold across the country and in this District.

56. Defendant was made aware of the infringement of the '907 patent at least as early as the filing of this Complaint.

57. Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '907 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the barcode device incorporated into the Accused Instrumentalities constitutes direct infringement of at least one claim of the '907 patent.

58. In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and distributing the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '907 patent and knowledge that its acts were inducing infringement of

the '907 patent since at least the date Defendant received notice that such activities infringed the '907 patent.

59.     Upon information and belief, Defendant is liable as a contributory infringer of the '907 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States products and/or services that incorporate a barcode device, as described above to be especially made or adapted for use in an infringement of the '907 patent.  The barcode device incorporated into the Accused Instrumentalities is a material component for use in practicing the '907 patent and is specifically made and is not a staple article of commerce suitable for substantial non-infringing use.

60.     Reflection Code has been harmed by Defendant's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Reflection Code demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Reflection Code demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '657 patent, the '446 patent, and the '907 patent;

B.     An award of damages to be paid by  Defendant adequate to compensate Reflection Code for  Defendant's past infringement of the, and '657 patent, the '446 patent the '907 patent, and any continuing or future infringement through the  date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D. An award to Reflection Code of such further relief at law or in equity as the Court deems just and proper.

Dated: November 22, 2016          JACKIER GOULD, P.C.

*/s/*
Eric A. Bean (P48676)
ebean@jackiergould.com
121 W. Long Lake Road, 2nd Floor
Bloomfield Hills, MI 48304

Telephone: (248) 642-0500
Facsimile: (248) 642-5241

*Attorneys for Plaintiff*
*Reflection Code LLC*

J:\014\80\00228499.DOCX